**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1542

_____

IN RE: ALBERTO CONCEPCION,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 2:99-cr-00753-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 10, 2025

Before:  RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: May 7, 2025)

_____

OPINION[*]

_____

PER CURIAM

On December 16, 2024, Alberto Concepcion, a former federal prisoner convicted

on a charge of conspiring to distribute heroin, submitted a motion in the District Court.

He sought to recuse the District Judge in his 1999 criminal case (D.N.J. Crim. No. 2:99-

cr-00753-001), and he challenged, inter alia, his conviction and the legality of his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

supervised release, which is expected to end in May 2025.[1]  In early January, that motion, with its accompanying filings, was docketed on a new civil docket in the District Court (D.N.J. Civ. No. 2:25-cv-00133) as a motion pursuant 28 U.S.C. § 2255.  On that docket, on March 21, 2025, the District Court ruled on the filing, denying the recusal motion and dismissing the § 2255 motion as unauthorized second or successive motion.[2]

On March 25, 2025, Concepcion filed a petition for a writ of mandamus in this Court, asking us to order the District Court "to immediately decide the Recusal Motion … including any, & all other relief(s) as this Court may deem just, & proper . . . ." 3d Cir. Doc. No. 1-1 at 5.  In his mandamus petition, he complains of the delay in adjudicating his recusal motion and takes issue with the District Judge's involvement in his case.

To the extent that Concepcion seeks a ruling on his recusal motion, he has obtained the relief he requested.  Accordingly, his request for an order compelling the District Court to rule is moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent

---

[1] With his motion, he included an application for permission to file it.  As a matter of background, we note that, in 2005, the District Court entered an order enjoining him from filing further claims in the District Court without leave of the District Court.

[2] He has since filed an appeal of that decision, see Conception v. United States, C.A. No. 25-1685, and asks us to consolidate his petition with that appeal.

2

a court from being able to grant the requested relief, the case must be dismissed as moot").

Furthermore, to the extent that Concepcion asks us to exercise our mandamus authority to order District Judge's recusal, mandamus relief is not warranted. First, insomuch as he seeks mandamus relief related to any refusal by the District Judge to recuse under 28 U.S.C. § 144, mandamus relief is not available because he may challenge that ruling in his appeal from that order. See In re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006) (stating that mandamus may not be used as a substitute for appeal).

To the extent that Concepcion argues that recusal is proper under 28 U.S.C. § 455 on the basis that the District Judge's impartiality might reasonably be questioned, we may consider the issue on mandamus. See In re Kensington Int'l Ltd., 353 F.3d 211, 219-20 (3d Cir. 2003); Alexander v. Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993). Concepcion's call for the District Judge's recusal is based on his interpretation of the District Judge's ordinary involvement in his criminal case. He has not identified, and we do not discern, any facts that would put the District Judge's impartiality in question. See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (stating recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation"); see also Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute

3

a valid basis for a bias or partiality recusal motion.").  Accordingly, we will not exercise our mandamus authority to order the District Judge's recusal.[3]

For these reasons, we will deny Concepcion's mandamus petition.[4]

---

[3] We also have reviewed the other bases for recusal under § 455 and have concluded that none applies.

[4] We deny his motion to consolidate his petition with his appeal at C.A. No. 25-1685.